# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### STATESBORO DIVISION

| | | |
|---|---|---|
| ALFRED S. HENDRIX, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV614-091 |
| | ) | CR612-003 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Alfred S. Hendrix pled guilty to drug charges on May 3, 2012, doc.

18,[1] and received a 60-month sentence. Doc. 21. The Court entered its

judgment of conviction against him on August 29, 2012. Doc. 22. He

took no appeal, which is no surprise since he waived both his right to a

direct appeal and to collateral review,[2] doc. 23 at 5, and in writing said he

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

[2] In pertinent part the agreement states that,

> "[t]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in *any* post-conviction proceeding, *including* a § 2255 proceeding, on *any* ground, except that: the defendant may file a direct appeal of the sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of the sentence if, by variance or departure, the sentence is higher than the advisory sentencing

did not want to appeal. Doc. 29 at 3. Despite his double-waiver and no-appeal decision, he now moves for 28 U.S.C. § 2255 relief. Doc. 26. Upon preliminary review under Rule 4(b) of the Rules Governing Proceedings under 28 U.S.C. § 2255, his motion should be denied.

Hendrix -- supplying an affidavit (doc. 28) to support equitable tolling of 2255(f)'s one-year time bar -- contends that he received ineffective assistance of counsel because his attorney failed to comply with his instruction to file a direct appeal. Doc. 26 at 4. However, he expressly directed his lawyer *not* to file an appeal, doc. 29 at 3, so this claim fails outright. Hendrix, whose § 2255 filing evidently prompted his lawyer to *finally* get around to filing written proof of Hendrix's no-appeal election,[3] is reminded that § 2255 movants who lie to this Court are

---

guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Doc. 23 at 5 (emphasis added).

[3] As explained in *Ortega v. United States*, 2014 WL 3012657 (S.D. Ga. July 2, 2014), the Court has been repeatedly confronted by § 2255 movants who claim they told their lawyer to file an appeal, yet none was filed. *Id.* at * 1. Hence, the Court devised a Notice of Counsel's Post-Conviction Obligations ("Notice"), a form that is to be furnished to counsel by the Clerk at sentencing. *Id.* It reminds counsel of their general duty to "consult" with the client about an appeal by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Roe v. Flores–Ortega*, 528 U.S. 470, 478 (2000). It also requires that both the defendant and counsel execute the

prosecuted.[4]

Alfred S. Hendrix's § 2255 motion must be **DENIED**. Applying the
Certificate of Appealability (COA) standards set forth in *Brown v. United
States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court
discerns no COA-worthy issues at this stage of the litigation, so no COA
should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous

---

form, thus memorializing their consultation and the defendant's instructions
regarding an appeal. The form should be filed of record, but counsel failed to do so
here, and Hendrix evidently "forgot" about that form -- which he himself signed --
when he filed the instant § 2255 motion insisting, under penalty of perjury, doc. 26 at
6, that he told counsel to appeal but was ignored.

Hendrix thus just underscored the critical importance of that form. In fact,

> [t]he Court has recently given new emphasis to that form and has cautioned
> counsel that the failure to utilize it following a conviction will result in these
> consequences: (1) counsel appointed under the Criminal Justice Act will not be
> paid for their services, and (2) counsel (whether retained or appointed) may be
> subject to sanctions, to include paying some or all of the expenses associated
> with conducting a § 2255 hearing that would have been unnecessary had the
> form been used.

*Ortega v. United States*, 2014 WL 3888144 at * 1 n. 2 (S.D. Ga. Aug. 7, 2014).

[4] Lying under oath, either live or "on paper," is illegal. *See United States v. Roberts*,
308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribed to statement in
his habeas petition that he had not previously filed a § 2255 motion was "material" for
purposes of perjury prosecution; statement fooled the clerk of the court into
accepting the "writ" for filing, and led the magistrate judge to consider its merits until
she discovered that the "writ" was a successive § 2255 motion in disguise); *United
States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant
indicted for perjury for knowingly lying in his motion seeking collateral relief from
his conviction); id., doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL
2992562 at * 2 (S.D. Ga. Sept. 17, 2009 (unpublished); *see also Colony Ins. Co. v. 9400
Abercorn, LLC*, 866 F.Supp.2d 1376, 1378 n. 2 (S.D. Ga. 2012).

issues to raise on appeal, an appeal would not be taken in good faith.

Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this 25th day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA